IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LINDIE L. K.,[1] | 3:18-cv-01953-BR |
|     Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
|     Defendant. | |

**GEORGE J. WALL**
**CAITLIN S. LAUMAKER**
Law Offices of George J. Wall
825 N.E. 20th Ave, Suite 330
Portland, OR  97232
(503) 236-0068

    Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**FRANCO L. BECIA**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2114

      Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Lindie L. K. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

On June 22, 2015, Plaintiff protectively filed her

applications for DIB and SSI benefits.  Tr. 82, 271, 278.[2]
Plaintiff alleges a disability onset date of May 1, 2015.
Tr. 82, 271, 278.  Plaintiff's applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on May 19, 2017.  Tr. 102.  Plaintiff and a vocational expert (VE) testified at the hearing.  Plaintiff was represented by an attorney at the hearing.

On November 16, 2017, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 82-96.  Plaintiff requested review by the Appeals Council.  On September 14, 2018, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-4.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On November 8, 2018, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## **BACKGROUND**

Plaintiff was born on April 25, 1967.  Tr. 94, 271, 278. Plaintiff was 48 years old on her alleged disability onset date.

---

[2] Citations to the official Transcript of Record (#9) filed by the Commissioner on April 4, 2019, are referred to as "Tr."

Tr. 94. Plaintiff has a high-school education and earned a Bachelor's Degree. Tr. 94, 111. Plaintiff has past relevant work experience as a loan clerk and a Head Start early education teacher and director. Tr. 94.

Plaintiff alleges disability due to Crohn's Disease, fibromyalgia, high blood pressure, arthritis, Basal Laminar Drusen Disease, chronic interstitial cystitis, inflammatory arthritis, adaptive colitis, psoriasis, and chronic pain disorder. Tr. 89, 132.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 89-94.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42

U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th

Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the

listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since May 1, 2015, Plaintiff's alleged disability onset date. Tr. 82.

At Step Two the ALJ found Plaintiff has the severe impairments of Irritable Bowel Disease (IBD), associated arthritis, and degenerative joint disease of the "bilateral knees." Tr. 85.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 87. The ALJ found Plaintiff has the RFC to perform light work with the following limitations: can occasionally climb ramps and stairs; can occasionally crawl and kneel; cannot climb ropes, ladders, or scaffolds; should avoid concentrated exposure to extreme hot and cold, vibration, and hazards; and should be able to change positions between sitting and standing. Tr. 88.

At Step Four the ALJ concluded Plaintiff is unable to perform her past relevant work. Tr. 94.

At Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as "cashier II", small-products assembler, and electronics worker. Tr. 95. Accordingly, the ALJ found Plaintiff is not disabled. Tr. 95.

## DISCUSSION

Plaintiff contends (1) the additional evidence she submitted after the hearing before the ALJ warrants remand for consideration and (2) the ALJ failed to properly evaluate the medical opinion of Daniel Feng, M.D., Plaintiff's treating

physician.

I.  **Although the additional records submitted by Plaintiff may be material, Plaintiff has failed to show good cause for supplementing the Administrative Record.**

   A.  **Standards**

When records are submitted for the first time to the court and those records are not already a part of the Administrative Record, the court must determine whether the records are material and whether there is good cause for the court to include the evidence in the record. See 20 C.F.R. §§ 404.935 and 404.970(a)(5)-(b). See also *Mayes v. Massanari*, 276 F.3d 453,461 (9th Cir. 2001). If the plaintiff meets this standard, then the court may remand the matter to the ALJ for further consideration pursuant to sentence six, 42 U.S.C. § 405(g).

   B.  **Analysis**

Plaintiff contends the additional records submitted with her Opening Brief are material; those records were not available to her at the time of the hearing before the ALJ; and, therefore, her submission of these records now satisfies the requirements of good cause. Thus, Plaintiff asserts the Court should allow the records to be made part of the Administrative Record and should remand this case to the ALJ for further

10 - OPINION AND ORDER

consideration.

The Commissioner, in turn, contends even if the additional records are material, Plaintiff has not provided any legally sufficient reason for supplementing the Administrative Record with these late-submitted records.

> **1. The additional records submitted with Plaintiff's Opening Brief covering the period from March 2016 to November 2017 are material to Plaintiff's claim.**

As noted, Plaintiff's disability claim covers the period from May 1, 2015, the date of disability onset, through November 15, 2017, when the ALJ issued her decision. Plaintiff states her present counsel (who did not represent her at the original hearing before the ALJ) "re-requested" records from Oregon Health & Science University (OHSU) following the ALJ's decision. Plaintiff contends these records covered her treatment at OHSU from March 2016 through March 2018. Plaintiff notes the Appeals Council "received or acknowledged the second half of the records [from December 2017 through March 2018], which all date after the ALJ's decision" and after the period covered in her disability claim. Pl.'s Opening Brief (#16) at 6. The Appeals Council correctly concluded these records did not relate to the period of disability at issue and did not affect the ALJ's decision as to whether Plaintiff was disabled

through November 2017. Plaintiff does not challenge this determination by the Appeals Council.

Plaintiff, however, contends the records she now submits with her Opening Brief relate to her treatment at OHSU from March 2016 through November 2017, these records constitute new and material evidence related to the period of her alleged disability, and these records were not a part of the Administrative Record before the ALJ.

The Commissioner concedes the additional records submitted by Plaintiff with her Opening Brief predate the ALJ's decision in this matter and fall within the period of her alleged disability.

Accordingly, on this record the Court concludes these records relate to Plaintiff's disability claim and, therefore, are material to Plaintiff's disability claim.

**2. Plaintiff has not shown good cause for supplementing the Administrative Record with the OHSU materials.**

Plaintiff contends all of the records from OHSU covering the period March 2016 through December 2018 "did not exist" before the ALJ made her decision, and, therefore, Plaintiff has established good cause for the Court to allow this additional evidence to supplement the record. Plaintiff,

however, is incorrect.

As noted, the records received by the Appeals Council relate to Plaintiff's treatment from December 2017 through December 2018 (Tr. 13-78) and did not exist prior to the ALJ's decision on November 15, 2017. The records attached to Plaintiff's Opening Brief, however, are for treatment that Plaintiff received from March 2016 through November 2017. Although the records from March 2016 through May 2017 existed before the hearing in May 2017 and, therefore, before the ALJ's decision in November 2017, Plaintiff only indicated at the hearing on May 19, 2017, that there were additional records from a North Dakota clinic and the ALJ gave Plaintiff one week to produce those records. Tr. 106-08. Plaintiff, however, did not advise the ALJ about her ongoing treatment at OHSU or that she would want to supplement the record with such treatment records when they became available. At the time Plaintiff could have requested the opportunity to provide at least the OHSU records from March 2016 through May 2017, but she did not do so and she does not provide any explanation for such failure.

On this record the Court concludes Plaintiff has failed to meet her burden to show good cause for failing to advise the ALJ about the existence of additional medical records

from OHSU; for failing to advise the ALJ of the probability of more medical records arising from her ongoing treatment at OHSU; and for failing to submit any of them timely.

Accordingly, the Court declines to make the additional records part of the Administrative Record and declines to remand this matter to the ALJ for further consideration of such records.

## II. The ALJ did not err in her evaluation of the medical opinion of Dr. Feng.

Plaintiff contends the ALJ failed to provide clear and convincing reasons for discounting the medical opinion of Dr. Feng.

### A. Standards

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject

it by providing specific and legitimate reasons that are supported by substantial evidence."  *Id.*  Even when contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight."  *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007).  An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Reddick,* 157 F.3d at 725.  "The ALJ must do more than state conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct."  *Id.* (citation omitted).

    **B.   Analysis**

Dr. Feng is Plaintiff's primary-care physician.  In his May 2017 report Dr. Feng noted he had treated Plaintiff for seven months.  Tr. 891.  Dr. Feng diagnosed Plaintiff with fibromyalgia, inflammatory arthritis, inflammatory bowel disease, and migraines.  Tr. 891.  Dr. Feng indicated Plaintiff has the following limitations:  can lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently; can stand and/or walk for two hours in an eight-hour workday for 30

minutes at one time; can sit for four hours in an eight-hour workday for one hour at a time; and requires "moderate aerobic exercise, walking, frequent repositioning to offload knee and large joints."  Tr. 892.

The ALJ gave Dr. Feng's opinion "partial weight" on the ground that Dr. Feng did not provide any objective basis to support his assessment of Plaintiff's limitations.  The ALJ pointed out that the need to exercise is not a valid reason for a person to be unable to work eight hours a day.  The ALJ, however, included Plaintiff's need to change positions throughout the day in her assessment of Plaintiff's RFC. Tr. 93.  The ALJ also noted the symptoms listed by Dr. Feng were not fully consistent with other medical evidence in the record. Tr. 93.  For example, on July 11, 2016, Dr. Ajay Wanchu, M.D., a treating rheumatologist, noted only occasional swelling in Plaintiff's joints.  Tr. 766.  On July 20, 2016, Dr. Feng indicated Plaintiff complained of only "variable swelling" around her joints.  Tr. 777.  On August 19, 2016, Dr. Feng noted activity reduced Plaintiff's knee swelling (Tr. 798) and that Plaintiff had only mild joint swelling in January 2017 (Tr. 864).

The ALJ also noted Dr. Feng's assessment of

Plaintiff's symptoms and limitations was not consistent with Plaintiff's activities. Tr. 93. For example, Plaintiff is able to perform his own personal care, to prepare meals daily, to do house and yard work, to drive a car, to shop, and to swim. Tr. 93, 339-40.

On this record the Court concludes the ALJ did not err when he discounted the opinion of Dr. Feng because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 7th day of January, 2020.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge